UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
BOWLING GREEN DIVISION
CIVIL ACTION NO. 1:20-CV-00035-GNS


AMBER HUNT,
as Parent and Next Friend of D.W.                                               PLAINTIFF


v.


DAISIA FRANK; and
USAA CASUALTY INSURANCE COMPANY                                  DEFENDANTS


## MEMORANDUM OPINION AND ORDER

This matter is before the Court on Plaintiff's Motion to Remand (DN 10). This matter is
now ripe for adjudication. For the reasons that follow, Plaintiff's motion is **DENIED**.

## I.      BACKGROUND

On approximately July 1, 2018, D.W. was a passenger in a vehicle traveling on U.S.
Highway 79 in Todd County, Kentucky. (Notice Removal Ex. A, ¶ 11, DN 1-1 [hereinafter
Compl.]). Defendant Daisia Frank ("Frank") allegedly ran a stop sign and entered Highway 79
illegally, causing a collision with the vehicle carrying D.W. (Compl. ¶ 12). D.W. was injured as
a result of the crash, and he was transported to the hospital for treatment. (Compl. ¶ 15). D.W.'s
medical expenses as of February 25, 2020, totaled $24,667.32. (Pl.'s Mot. Remand Ex. 1, at 1,
DN 10-1). Defendant USAA Casualty Insurance Company ("USAA") provided automobile
insurance for both vehicles involved in the collision. (Compl. ¶ 16). Despite some preliminary
negotiations, Plaintiff Amber Hunt ("Hunt"), D.W.'s mother, was unable to reach an agreement
with USAA on the amount of D.W.'s insurance claim. (Compl. ¶¶ 17-21).

On January 20, 2020, Hunt filed a Complaint against Frank and USAA in Todd Circuit Court, Civil Action No. 20-CI-00007, alleging negligence, gross negligence, violations of the Kentucky Unfair Claims Settlement Practices Act ("UCSPA"), and common law bad faith. (Compl. ¶¶ 22-42). On February 18, 2020, USAA removed the case to this Court alleging subject matter jurisdiction via diversity of citizenship, pursuant to 28 U.S.C. § 1441(a) and 28 U.S.C. § 1332(a)(1), respectively. (Notice Removal ¶ 6, DN 1). On February 25, 2020, Hunt moved to remand this case back to Todd Circuit Court. (Pl.'s Mot. Remand, DN 10). USAA responded, and Hunt replied. (Def.'s Resp. Pl.'s Mot. Remand, DN 12; Pl.'s Reply Mot. Remand, DN 13).

## II.    DISCUSSION

Generally speaking, a civil case in state court may be removed to federal court if the plaintiff could have initiated the case in federal court originally. 28 U.S.C. § 1441(a). A federal district court has subject matter jurisdiction via diversity over "all civil actions where the matter in controversy exceeds the sum or value of $75,000" and is between "citizens of different States." 28 U.S.C. § 1332(a). Hunt argues that USAA, as the removing party, has failed to show that the amount in controversy exceeds $75,000. (Pl.'s Mot. Remand 3).[1]

When removal is based on diversity of citizenship, federal jurisdiction is determined at the time of removal and the removing party bears the burden to prove the diversity requirements. *Rogers v. Wal-Mart Stores, Inc.*, 230 F.3d 868, 871 (6th Cir. 2000) (citations omitted). Regarding amount in controversy, the "amount claimed by the plaintiff usually controls, but the defendant can remove the case . . . if it is shown that the amount in controversy is 'more likely than not'

---

[1] Diversity of the parties is not contested. Hunt is a citizen of Kentucky, Frank is a citizen of Tennessee, and USAA is incorporated in and has its principal place of business in Texas. (Notice Removal ¶¶ 2-4).

above $75,000." *Hampton v. Safeco Ins. Co. of Am.*, 614 F. App'x 321, 323 (6th Cir. 2015) (citation omitted).

The Complaint does not request a specific amount of damages, presumably because it was initially filed in Todd Circuit Court and the Kentucky rules do not permit a plaintiff to plead a specific damage amount. *See* Ky. R. Civ. P. 8.01(2). When "the State practice either does not permit demand for a specific sum or permits recovery of damages in excess of the amount demanded," removal is proper "if the district court finds, by the preponderance of the evidence, that the amount in controversy exceeds the amount specified in section 1332(a)." 28 U.S.C. § 1446(c)(2)(B). To satisfy its burden, USAA contends, first, that Frank's last pre-suit settlement demand was for $79,250 and, second, that Frank's claims against USAA include damages based on D.W.'s personal injuries as well as compensatory and punitive damages and attorneys' fees for USAA's alleged bad faith conduct. (Def.'s Resp. Pl.'s Mot. Remand 6-7).

A key issue in this case then is the significance of the pre-litigation settlement offer of $79,250. (Def.'s Resp. Pl.'s Mot. Remand Ex. 1, at 1, DN 12-1). This Court dealt with a similar issue in *Clark v. Kroger Limited Partnership I*, No. 5:15-CV-00189, 2015 WL 7871053 (W.D. Ky. Dec. 3, 2015). In *Clark*, the question before this Court was if pre-litigation communications could effectively put the defendant on notice that the requisite amount in controversy was such that the case was removable. *Id.* at *1-2. This Court concluded that $45,497.12 in medical expenses and claims for future pain and suffering paired with a pre-litigation demand letter of over $200,000 "clearly placed [defendants] on notice that Plaintiff's damages would exceed the removal threshold when they received the Complaint." *Id.* at *2; *see also Mozee v. Dugger*, 616 F. Supp. 2d 672, 674 (W.D. Ky. 2009) (holding that defendant was able to ascertain the requisite jurisdictional amount because of defendant's "concurrent knowledge of the accident, the injuries,

the medical expenses and lost wages, as well as the contemporaneous request for admissions suggesting that Plaintiff would claim in excess of $100,000 for pain and suffering . . . .").

These cases stand for the proposition that a pre-litigation demand letter is relevant when determining whether a defendant knew that the amount in controversy exceeded $75,000, which would mean that the defendant's 30-day removal window under 28 U.S.C. § 1446 began when the complaint was received. It would be wholly inconsistent then for this Court to conclude, as Hunt now asserts, that the same pre-litigation communication that placed USAA on notice of the requisite amount in controversy is now insufficient to satisfy that amount. Hunt cites primarily to *May v. Wal-Mart Stores, Inc*., 751 F. Supp. 2d 946 (E.D. Ky. 2010), to support her contention that the pre-suit settlement demand is insufficient to satisfy the amount in controversy. (Pl.'s Mot. Remand 4-5). In *May*, a sister court concluded that a demand letter seeking settlement at the defendant's unidentified liability limits did not show that the amount in controversy exceeded $75,000. *Id*. at 949. In *Clark*, however, this Court has already distinguished a specific demand letter, like the one in the case *sub judice*, from the letter in *May* that vaguely demanded settlement within defendant's "liability limits." *Clark*, 2015 WL 7871053, at *2.

With this case law in mind, USAA has demonstrated that the amount in controversy more likely than not exceeds $75,000. As noted, the final pre-suit demand letter from November 12, 2019, requested $79,250, which presumably accounts for the $24,667.32 in medical expenses plus other personal injury damages.[2] (Def.'s Resp. Pl.'s Mot. Remand Ex. 1, at 1). This amount is

---

[2] The Complaint requests the following damages:
"a. Past, present, and future mental pain and suffering;
 b. Past, present, and future medical bills and medical expenses;
 c. Lost wages and lost earning capacity;
 d. Actual, consequential, incidental, and foreseeable damages,
 e. Punitive damages;
 f. Attorneys' fees, costs, pre- and post-judgment interest, and expense."

clearly more than the $75,000 threshold but less than the $200,000 demand at issue in *Clark*. Even so, Hunt also seeks punitive damages for alleged bad faith and violations of the UCSPA. (Compl. ¶¶ 40-47). The Kentucky Supreme Court has made clear that bad faith violations of the USCPA can warrant punitive damages within the discretion of the jury. *See Wittmer v. Jones*, 864 S.W.2d 885, 890 (Ky. 1993). The Sixth Circuit, in turn, has held that a district court can consider the potential for punitive damages under the UCSPA when assessing the amount in controversy, "unless it is apparent to a legal certainty that such cannot be recovered." *Heyman v. Lincoln Nat'l Life Ins*. Co., 781 F. App'x 463, 472 (6th Cir. 2019) (quoting *Hayes v. Equitable Energy Res. Co*., 266 F.3d 560, 572 (6th Cir. 2001)). The Sixth Circuit in *Heyman* concluded that a compensatory damage amount of $31,305.40 paired with a potential 2:1 ratio of punitive-compensatory damages (or higher) were sufficient to show by a preponderance of the evidence that the lawsuit could exceed $75,000. *Id.* at 472-73; *see also Lovelace v. Stonebridge Life Ins. Co*., No. 1:13-CV-000138, 2013 WL 5797860, at *2 (W.D. Ky. Oct. 28, 2013) (holding that the amount in controversy requirement was met by a $25,000 insurance policy and a request for UCSPA punitive damages).

Hunt has not argued that punitive damages cannot be recovered to a legal certainty, such that punitive damages can be considered for amount in controversy purposes. As such, regardless of whether this Court uses the $24,667.32 of medical expenses or the $79,250 demand letter, a single digit punitive-compensatory damages ratio of 3:1 could easily push the amount in controversy above $75,000.[3] Furthermore, beyond punitive damages, the Complaint seeks additional compensatory damages and attorneys' fees under the UCSPA. (Compl. ¶ 47).

---

[3] The Supreme Court has endorsed a 4:1 ratio and noted that "few awards exceeding a single-digit ratio between punitive and compensatory damages, to a significant degree, will satisfy due process." *State Farm Mut. Auto. Ins. Co. v. Campbell*, 538 U.S. 408, 425 (2003).

Consideration of these damages provides even more support for the conclusion that, more likely than not, the amount in controversy exceeds $75,000. *See Everett v. Am. Gen. Life Ins. Co*., No. 116-CV-00083, 2016 WL 4746214, at *3 (W.D. Ky. Sept. 12, 2016) ("When the claims for compensatory and punitive damages and attorneys' fees under the UCSPA are coupled with Plaintiffs breach of contact claim for $50,000, it is 'more likely than not' that Defendant has established by a preponderance of the evidence that the amount in controversy exceeds $75,000.").

In conclusion, Hunt's pre-litigation demand letter for $79,250 indicated to USAA that compensatory damages could exceed $75,000. When this demand letter is considered in connection with additional requests for compensatory and punitive damages and attorneys' fees under UCSPA, USAA has demonstrated by a preponderance of the evidence that the amount in controversy exceeds $75,000.

### III.   <u>CONCLUSION</u>

For the foregoing reasons, **IT IS HEREBY ORDERED** that Plaintiff's Motion to Remand (DN 10) is **DENIED**.

Greg N. Stivers, Chief Judge

United States District Court

April 9, 2020

cc:    counsel of record