## UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF KENTUCKY
## BOWLING GREEN DIVISION
## CIVIL ACTION NO. 1:20-CV-00035-GNS-HBB

**AMBER HUNT**                                                                                                     **PLAINTIFF**

**VS.**

**DAISIA FRANK, et al**                                                                         **DEFENDANT**

## MEMORANDUM OPINION AND ORDER

Before the Court is Plaintiff Amber Hunt's motion to compel certified records via subpoena *duces tecum* (DN 33).  The matter arises from Hunt's previous notice of intent to obtain certified records (DN 31) to which the Defendants filed an objection (DN 32).  The Defendants have not otherwise responded to the motion.

## NATURE OF THE CASE

Hunt brings this action on behalf of her minor son, D.W. (DN 1-1).  On July 1, 2018, D.W. was a passenger in his grandfather's vehicle (Id. at PageID 7).  According to Hunt's complaint, Defendant Daisia Frank failed to obey a stop sign and collided with the vehicle in which D.W. was riding, which resulted in the vehicle rolling over multiple times and causing injury to D.W. (Id.).  Hunt also alleges that Frank refused to speak to law enforcement authorities investigating the accident (Id.).  Hunt's complaint asserts claims against Frank for negligence and gross negligence and also seeks an award of punitive damages (Id. at PageID 8-9, 11-12).[1]

---

1   Defendant USAA Casualty Insurance Company is Frank's insurer and is a party to this action on a bad-faith claim (DN 1-1 PageID 9-11).

## HUNT'S NOTICE OF INTENT

On October 22, 2020, Hunt filed a notice of intent to obtain certified records regarding Frank, via subpoena *duces tecum*, from Tennova Healthcare and Todd County EMS (DN 31). Hunt sought "all inpatient, outpatient, diagnostic testing, pathology, radiographic films, and billing information" (Id. at pp. 1). The notice specified that any objection must be lodged no later than the following day, October 23 (Id. at pp. 2).

## FRANK'S OBJECTION

Frank asserted two objections to Hunt's Notice (DN 32). First, Frank argued that requiring any objections to be lodged within one day of the notice was unreasonable (Id. at pp. 1). Second, Frank argued that the requested information is irrelevant to the case (Id. at pp. 2). Frank contended that her written responses to discovery requests have not called her medical condition into question, nor has she as yet given any oral testimony doing so (Id. at pp. 2-3). Franks also points out that the Notice of Intent was deficient in that Hunt's counsel failed to sign it (Id. at pp. 3). Hunt's counsel attached a corrected Notice of Intent to her motion to compel bearing counsel's signature (DN 33-1).

## HUNT'S MOTION

Hunt contends that the facts of the case, as thus far known to her, do call into question Frank's medical condition as a possible causative factor in the accident (DN 33 PageID 144). Hunt states that "[w]hen police officers arrived on the scene, Defendant Frank was found sitting in the passenger side floor board [*sic*] of her vehicle and refused to provide any information to the officers or paramedics" (Id.). Hunt also recounts that when she arrived at the hospital to see D.W., Franks was also in the emergency room "yelling and screaming" (Id.). Hunt concludes that, "[a]lthough Defendant has not made a claim for personal injuries, her mental and physical condition at the time

of running the stop sign are relevant to the subject matter of this lawsuit due to her erratic and combative behavior after the subject accident" (Id.). Hunt notes that she has asserted claims for grossly negligent conduct and the requested medical records go to the issue of punitive damages (Id.).

## DISCUSSION

Hunt filed her Notice of Intent in accordance with the Health Insurance Portability and Accountability Act (HIPAA) and specifically 45 C.F.R. §164.512(e), which provides that a covered healthcare provider may disclose protected health information in the course of a judicial proceeding and in response to a subpoena. The patient must be notified of the request for health information and provided an opportunity to object. Turning to Frank's first argument, the undersigned agrees that one day is an insufficient period of time in which to file an objection; however, since Frank was able to file an objection, the point is moot. *See* Daugherty v. K.S.P. Med. Dep't, No. 5:17-CV-00041-TBR, 2018 U.S. Dist. LEXIS 26721, at *3 (W.D. Ky. Feb. 20, 2018) (Eight days allowed for filing objection to Notice of Intent was an unfair deadline, but fact that the party was able to file an objection indicated that compliance was possible). The undersigned further notes that Frank had an opportunity to expand upon her objection by way of a response to the motion to compel but declined to do so.

Frank's substantive objection to the discovery request is that her medical condition is not relevant to the case (DN 32 pp. 2-3). A party "may obtain discovery regarding any nonprivileged matter that is relevant to a party's claim or defense." FED. R. CIV. P. 26(b)(1). The discovery must be "proportional to the needs of the case, considering importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues and whether the burden or

expense of the proposed discovery outweighs its likely benefit." Id. "Information within this scope of discovery need not be admissible in evidence to be discoverable." Id. When a party seeks discovery from a non-party, it must demonstrate good cause to justify production. Perez v. Off Duty Police Servs., No. 3:13-CV-935-DJH-LLK, 2015 U.S. Dist. LEXIS 58015, at *3 (W.D. Ky. May 4, 2015).

      Here, the question is whether Frank's medical information is relevant to a party's claim or defense. Hunt has not advocated that the accident was the result of a sudden medical emergency, so, at this point, her medical information would not be relevant to her defense. Hunt contends that Frank's behavior at the accident scene, and shortly thereafter at the hospital, call into question her medical condition and is relevant to Hunt's claims for gross negligence and punitive damages. Hunt is entitled to discovery on whether Frank's post-accident behavior was indicative of any pre-accident cognitive issue which might have contributed to the accident. *See* Ehrlich v. Union Pacific R.R. Co., 302 F.R.D. 620, 627 (D. Kan. 2014) (Medical records of train crew relevant to possible cognitive impairment contributing to accident). However, Hunt's request for medical records is overbroad, as it is without temporal limitation. Hunt has only articulated relevance as to Frank's medical condition at the time of and immediately following the motor vehicle accident. Consequently, Hunt's entitlement to discovery on Frank's medical records, at least at this point in the litigation, only extends to those records reflecting her medical condition at the time she was seen by first responders at the accident scene and her treatment at the emergency room. Hunt has not demonstrated how billing information is relevant to the case.

## CONCLUSION

**WHEREFORE** the Plaintiff's motion to compel (DN 33) is **GRANTED IN PART** and **DENIED IN PART**. Plaintiff is authorized to issue subpoenas *duces tecum* to Tennova Healthcare and Todd County EMS for Defendant Frank's medical records, including diagnostic testing but excluding billing records, for treatment provided on July 1, 2018.

Copies:	Counsel of Record